PITTSBURGH CONSOLIDATED COAL COMPANY

v.

HARRISON CONSTRUCTION COMPANY, a Corporation, (Respondent), and Crain Bros., Inc., a Corporation, Respondent; In Personam, and The Motor Vessel CLIPPER in Rem,

Crain Bros., Inc., The Motor Vessel "Clipper", Her Engines, Tackle, Furniture and Equipment, Appellants.

AMERICAN BARGE LINE COMPANY

v.

HARRISON CONSTRUCTION COMPANY, a Corporation, Respondent, and Crain Bros., Inc., a Corporation, Respondent, in Personam, and the Motor Vessel "Clipper", in Rem,

Crain Bros., Inc., the Motor Vessel "Clipper", Her Engines, Tackle, Furniture and Equipment, Appellants.

PITTSBURGH CONSOLIDATED COAL COMPANY, a Corporation, Appellant,

v.

HARRISON CONSTRUCTION COMPANY, a Corporation, (Respondent) and Crain Brothers, Inc., a Corporation (Respondent) in Personam,

and

The Motor Vessel "Clipper", in Rem.

AMERICAN BARGE LINE COMPANY, a Corporation, Appellant,

v.

HARRISON CONSTRUCTION COMPANY, a Corporation (Respondent), and Crain Brothers, Inc., a Corporation (Respondent), in Personam

and

The Motor Vessel "Clipper", in Rem.

Nos. 11324, 11325, 11355 and 11356.

United States Court of Appeals Third Circuit.

Argued Dec. 6, 1954.

Decided June 7, 1955.

Harland I. Casteel, Pittsburgh, Pa. (H. A. Robinson, Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., Campbell, Houck & Thomas, Pittsburgh, Pa., on the brief); for Crain Bros. Inc., a corporation, in personam, and The Clipper, in rem.

John R. Bredin, Pittsburgh, Pa. (Dalzell, Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for Pittsburgh Consolidation Co. and American Barge Line Co.

Ira R. Hill, Pittsburgh, Pa. (Dalzell, Pringle, Bredin & Martin, Pittsburgh,

Pa., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for Harrison Const. Co.

Before BIGGS, Chief Judge, and MARIS and McLAUGHLIN, Circuit Judges.

PER CURIAM.

A number of issues are presented by these appeals. The first is whether the towboat or the towing company was negligent in the method employed in tying the barges at the wharf. The second is whether the defendant wharfinger was negligent in its operation of the wharf. The third is whether there was a customary understanding in Allegheny County, Pennsylvania, to be implied from the contract of towage in the instant case, that towboats or towing companies are not to be held responsible for damage to towage resulting from their negligence. The fourth is whether a customary understanding, assuming there was such, would be unenforceable as contrary to public policy.

As to the first issue there was ample evidence to support the finding of the court below that the towboat's crew was negligent in tying up the barges. As to the second issue there was sufficient evidence to support the finding that the wharfinger was not negligent. As to the third and fourth issues it is clear from the record and the court below found correctly that there was no custom in Allegheny County, Pennsylvania, that towboats and towing companies were not liable for damages resulting from negligent towage. But had the court below determined this issue to the contrary, in view of the fact that the Supreme Court in Bisso v. Inland Waterways Corporation, 1955, 75 S.Ct. 629, has ruled that a towboat or a towing company cannot be relieved of liability resulting from negligent towage even by a written contract, a contrary determination could not aid the towboat or the towing company.

Accordingly, the judgments will be affirmed.